**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MERCY HEALTH, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-00415 SRC |
| ) | |
| ENDURANCE SPECIALTY ) | |
| INSURANCE, LTD., et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Mercy Health's Motion to Remand [13]. The Court grants the Motion and remands the matter back to the state court.

**I.      BACKGROUND**

This case involves a dispute between Mercy and its insurance company, Endurance Specialty Insurance, over Endurance's refusal to pay Mercy's claim after a state court entered judgment against Mercy for $28 million in a medical malpractice lawsuit.  Mercy filed this case in state court against Endurance Specialty Insurance, Sompo Holdings, Inc., Sompo International Holdings, Ltd., Phillip Ashley, and Wagstaff & Cartmell, LLP.  Mercy is a nonprofit corporation with its principal place of business in St. Louis County, Missouri.  Endurance and Sompo International are based in Bermuda, Sompo Holdings is based in Japan, Phillip Ashley is a resident of Missouri, and Wagstaff & Cartmell is a law firm based in Kansas City, Missouri. Doc. 4.

Mercy asserted six counts against the various defendants including Count V for negligent misrepresentation; the only count against Wagstaff & Cartmell and Ashley.  Defendants moved to dismiss Count V of the petition.  The state court granted the motion as to Count V and granted

1

Mercy leave to amend within thirty days. The following day, Defendants removed the case to this Court under diversity jurisdiction in 28 U.S.C. § 1332, asserting that because the state court dismissed the non-diverse defendants, Wagstaff & Cartmell and Ashley, complete diversity now existed allowing for removal to this Court.

## II.     STANDARD

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

"The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction. *Id.*; 28 U.S.C. § 1447(c). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

**III.     DISCUSSION**

Diversity jurisdiction exists only when complete diversity of citizenship exists between the parties, meaning "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Little Otters of Love, LLC v. Rosenberg*, 724 Fed. App'x 498, 501 (8th Cir. 2018) (quoting *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). The Court assesses diversity of citizenship at the time the plaintiff files the action. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). At the time, Mercy filed its petition, complete diversity did not exist between Mercy, a nonprofit corporation with its principal place of business in St. Louis County, Missouri, and Ashley, a resident of Missouri. Wagstaff & Cartmell may also be a non-diverse defendant if any partner of the law firm is a resident of Missouri. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991) (finding the citizenship of a limited partnership is the citizenship of each of its partners). Nothing in the record indicates the citizenship of Wagstaff & Cartmell's partners. For the purposes of the Court's analysis, the citizenship of Wagstaff & Cartmell does not matter because even if the law firm is diverse from Mercy, Ashley remains as a non-diverse defendant.

Defendants removed on the basis that after the state court dismissed Count V and Ashley, the non-diverse defendant, complete diversity existed between the remaining parties. 28 U.S.C. § 1446(b)(3) allows for removal, "if the case at initial pleading is not removable," within 30 days after receipt by the defendant of an order "from which it may first be ascertained that the case is one which is or has become removable." However, this only applies when a plaintiff voluntarily dismisses a non-diverse defendant. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975-76 (8th Cir. 2011). When a non-diverse defendant initiates his own dismissal, and "the court's order is against the will of the plaintiff, the dismissal is not voluntary." *Id*. at 976. In this case, Ashley

3

initiated his own dismissal and the state court's order is against the will of Mercy, who opposed Ashley's motion to dismiss.  Therefore, the dismissal is not voluntary and removal is improper. *In re Iowa Mfg. Co.*, 747 F.2d 462, 463 (8th Cir. 1984) ("Removal is improper [] if the dismissal of that resident defendant was involuntary.").

       Defendants argue an exception to the voluntary/involuntary rule is fraudulent joinder. They claim that a defendant can remove a case if a court dismisses a non-diverse defendant against the plaintiff's will that the plaintiff fraudulently joined to defeat diversity jurisdiction. Fraudulent joinder is a "well-established exception to the voluntary-involuntary rule." *Williams v. Cent. Transp. Int'l, Inc.*, No. 4:14-CV-01003 CEJ, 2014 WL 3687208 at *2 (W.D. Mo. Jul. 24, 2014).  However, Defendants cannot now assert fraudulent misjoinder as a basis for removal because they did not include it in their Notice of Removal.  Once the 30-day period for removal has expired, a party cannot amend a notice to add new grounds for removal.  *Orrick v. Smithkline Beecham Corp.*, No. 4:13-CV-02149 SNLJ, 2014 WL 3956547 at *2 (E.D. Mo. Aug. 13, 2014) (citing *Whitehead v. The Nautilus Grp, Inc.*, 428 F. Supp. 2d 923, 928-29 (W.D. Ark. 2006), *Lindsey v. Dillard's Inc.*, 306 F.3d 596, 600 (8th Cir. 2002)).  Defendants filed their Notice of Removal on March 19, 2020; thus, the 30-day removal period set out in 28 U.S.C. § 1446(b)(3) has passed.  Defendants cannot now argue Mercy fraudulently joined a non-diverse defendant.

       Even if Defendants had asserted fraudulent joinder in their Notice of Removal, Defendants waived their right to assert it by not raising it within 30 days of service of Mercy's petition.  Mercy served Defendants in September 2019 and Defendants did not remove to this Court until March 2020.  Doc. 1; *See also Mercy Health v. Endurance Specialty Ins., et al.*, 19SL-CC03823.[1]  Section 1446(b) requires a defendant to file a notice of removal within 30 days

---

[1] The Court may take judicial notice of public records, including court records.  *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

4

after receipt of an initial pleading or within 30 days after receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3).  Defendants could have ascertained fraudulent joinder from the face of Mercy's complaint.  In fact, they successfully argued for dismissal of the claims against Ashley, asserting the same arguments they now put forth to establish Mercy fraudulently joined Ashley.  Because Defendants did not remove the case within 30 days of receipt of the initial pleading, when they could first ascertain fraudulent joinder as a basis for removal, Defendants' Notice of Removal is untimely.

Defendants argue their removal is timely because Mercy never properly served Sompo Holdings.  In Missouri, a defendant must raise a defense of improper service at the first opportunity, or the court deems it waived.  *Stiens v. Stiens*, 231 S.W.3d 195, 199 (Mo. Ct. App. 2007); *See also* Mo. R. Civ. P. 55.27(g)(1).  Defendants filed a motion to dismiss and memorandum in support seeking to dismiss Sompo Holdings for lack of personal jurisdiction.  In a footnote, Defendants assert Mercy improperly served Sompo Holdings, but they do not mention it anywhere else in their brief nor do they mention it in their reply brief.  Inserting an argument in a footnote with no support is not a defense "made by motion" as required by Rule 55.27(g)(1) to prevent waiver.  Mo. R. Civ. P. 55.27(g)(1).  Sompo Holding waived its right to assert improper service as a defense when it moved to dismiss on other grounds and did not raise the defense at the first opportunity.  Mercy served Defendants in September 2019, and they did not file for removal until March 2020.  Therefore, the notice of removal is untimely.

Because Defendants improperly removed this case after an involuntary dismissal by the state court, or in the alternative, their notice of removal was untimely, this Court must remand the case back to state court.

5

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Mercy Health's Motion to Remand [13] is **GRANTED**. Pursuant to 28 U.S.C. 1447(c), the Clerk of the Court shall mail a certified copy of this order of remand to the clerk of the State court.

So Ordered this 15th day of May, 2020.

*S L R. C R*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**